UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

———————————————————————————————

UNITED STATES OF AMERICA,

        Plaintiff,

                             Case No.  18-20495

    v.

                             HON. DAVID M. LAWSON

IBRAHEEM IZZY MUSAIBLI,

        Defendant.

———————————————————————————————

**UNITED STATES' BRIEF REGARDING
POTENTIAL CONFLICT OF INTEREST ISSUE**

———————————————————————————————

At Defendant Ibraheem Musaibli's upcoming terrorism trial, the United States intends to call a cooperating witness ("the Witness") who was previously imprisoned with Musaibli. The United States expects that the Witness will testify about incriminating statements Musaibli made to the Witness inside a Bureau of Prisons facility. Musaibli is represented by two lawyers from the Federal Community Defender Office as well as by an attorney from the Criminal Justice Act panel. Last year, the Witness applied for compassionate release and another district court judge assigned different attorneys than those in this case from the Federal Community Defender Office to represent the Witness for this limited capacity. The Witness obtained compassionate release and is not represented by the Federal Community

Defender Office at this time. The issue now before the Court is whether an actual conflict of interest exists due to the successive representation by different attorneys from the Federal Community Defender Office of the Witness and Musaibli. For the reasons set forth below, the successive representation here does not amount to an actual conflict of interest. Moreover, even if it did, there is already a CJA panel attorney assigned to the case who is independent of the Federal Community Defender Office. Having that lawyer handle the Witness's testimony protects the record against any claims of an improper conflict of interest. Finally, Musaibli could choose to waive any potential conflict of interest.

## I
## BACKGROUND

In July 2018, a grand jury returned an indictment against defendant Ibraheem Musaibli. (ECF No. 1, PageID.1). Later that same month, Magistrate Elizabeth Stafford appointed the Federal Community Defender Office to represent Musaibli. (ECF No. 6, PageID.10). While two other attorneys from that office (both of whom have since retired) originally entered appearances in the case, Musaibli has been represented by James Gerometta and Fabian Renteria since early August 2018. (ECF No. 8, PageID.12; ECF No. 17, PageID.31). In June 2020, CJA panel attorney John Shea joined the defense team. John Shea does not work for the Federal Community Defender Office.

2

In June and August 2020, the FBI interviewed a potential cooperating witness while that witness was serving a federal sentence for health care fraud. The Witness explained that Musaibli confessed several details of his time with ISIS to the Witness while the pair was incarcerated together in a Bureau of Prisons facility. According to notes from the August interview, the Witness told the FBI that he planned to seek compassionate release.[1]

In December 2020, the Witness filed for compassionate release. In January 2021, a lawyer for the government—from Main Justice's Health Care Fraud Strike Force—responded. A few days later, the district court handling the Witness's motion for compassionate release appointed the Federal Community Defender Office to represent the Witness. Another attorney—not Mr. Gerometta or Mr. Renteria—filed an appearance and eventually filed a supplemental motion for compassionate release on behalf of the Witness. In the middle of March 2021, the Witness was granted compassionate release. Earlier this month, the United States notified counsel for Musaibli that it intended to call the Witness at trial.

---

1 During a phone conference earlier this month, the Government told the Court that it was unaware that the Witness was going to file a motion for compassionate release. It appears from the FBI's notes of its second interview with the Witness that this was in error. According to the notes, the Witness informed the government of his intention. Government counsel apologizes for this misstatement.

## II
## THE POTENTIAL CONFLICT OF INTEREST

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. XI. The Sixth Amendment's right to counsel includes a "correlative right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271 (1981). A "mere theoretical division of loyalties" is not itself an "actual conflict of interest." *See Mickens v. Taylor*, 535 U.S. 162, 171 (2002). *See also Bray v. Cason*, 375 Fed.Appx. 466, 472 (6th Cir. 2010) (holding "hypothetical conflicts" cannot establish an actual conflict of interest); *Moss v. United States*, 323 F.3d 445, 467 n. 23 (6th Cir.2003) (holding the conflict must be "real or genuine, as opposed to [] hypothetical"). To demonstrate an actual conflict, a defendant must establish both that (1) his counsel "actively represented conflicting interests," and (2) the alleged conflict "adversely affected his lawyer's performance." *Burger v. Kemp*, 483 U.S. 776, 783 (1987) (citations omitted). When a trial court knows (or reasonably should know) that a potential conflict exists, the court has a duty to investigate the potential conflict. *See Mickens*, 535 U.S. at 168.

Most potential conflict of interest claims stemming from an attorney's representation of clients come in one of two forms: concurrent representation or successive representation. Multiple concurrent representation "occurs where a single attorney simultaneously represents two or more codefendants in the same or separate

4

proceeding(s), whereas successive representation occurs where defense counsel has previously represented a co-defendant or trial witness." *Jalowiec v. Bradshaw*, 657 F.3d 293, 315 (6th Cir. 2011). "[T]ypical successive representation" cases do "not pose an actual conflict of interest." *Id*. "The fear in successive representation cases is that the lawyer will fail to cross-examine the former client rigorously for fear of revealing or misusing privileged information." *Moss v. United States*, 323 F.3d 445, 460 (6th Cir. 2003). The Sixth Circuit, relying on *Enoch v. Gramley*, 70 F.3d 1490 (7th Cir. 1995), has held that a party alleging a conflict due to successive representation must demonstrate that "(1) counsel's earlier representation of the witness or co-defendant was substantially and particularly related to counsel's later representation of defendant; or (2) counsel actually learned particular confidential information during the prior representation of the witness or co-defendant that was relevant to defendant's later case." *Moss*, 323 F.3d at 462.

Here, the Federal Community Defender Office's representation of the Witness in a compassionate release motion had nothing to do with the charges in Musaibli's case. The Witness's case involved health care fraud while Musaibli is charged with a trio of terrorism crimes. The Witness and Musaibli are not co-conspirators or co-defendants. In fact, the pair did not know one another outside of the prison setting. Thus, there is no overlap in charges, types of services rendered by the Federal Community Defender Office, or the time frame of criminal conduct. Further, there

were different attorneys from the Federal Community Defender Office on each case. The representation by FDO is thus not "substantially and particularly related to counsel's later representation of the defendant." *Moss*, 323 F.3d at 462.

Nor is there any evidence in the record that Musaibli's counsel actually learned any confidential information about the Witness, much less any information that might cause them to pull their punches during cross examination "for fear of revealing or misusing privileged information." *Moss*, 323 F.3d at 460. Musaibli has been represented by Attorney James Gerometta and Attorney Fabian Renteria since the summer of 2018. In June 2020, CJA panel attorney John Shea joined the defense team. Mr. Gerometta did not participate in the Witness's motion, while Mr. Renteria played only a minor role that did not include meeting with the Witness. Instead, a different lawyer within FDO—wholly unrelated to the representation of Musaibli—represented the Witness. It is difficult to imagine how Musaibli's lawyers could learn any confidential information regarding the Witness that would be relevant to Musaibli's case. Accordingly, the potential conflict of interest here appears to be "hypothetical," *see Moss*, 323 F.3d at 467 n. 23, and only a "mere theoretical division of loyalties," *Mickens*, 535 U.S. at 171, rather than an actual conflict of interest. *See also Lordi v. Ishee*, 384 F.3d 189, 193 (6th Cir. 2005) ("The only pertinent facts that Lordi has presented to the courts are that [counsel's] law firm represented a government witness in a prior unrelated matter and then cross-examined that witness

6

at trial. Without more, this presents a case of a potential conflict of interest due to a successive representation that never ripened into an actual conflict.").

And although Musaibli's trial has not yet begun, it is difficult to imagine how the potential conflict of interest would "adversely affected his lawyer's performance." *Burger*, 483 U.S. at 783. To show an actual conflict of interest, the Sixth Circuit requires petitioners to "'point to specific instances in the record to suggest an actual conflict or impairment of [their] interests' and 'demonstrate that the attorney made a choice between possible alternative courses of action.'" *McElrath v. Simpson*, 595 F.3d 624, 631 (6th Cir. 2010) (quoting *United States v. Hall*, 200 F.3d 962, 965-66 (6th Cir. 2000)). Such a showing may be made by identifying confidential information counsel learned from an adverse witness that would hamper cross-examination. *Goward v. United States*, 569 Fed.Appx. 408, 413 (6th Cir. 2014). There is nothing in the record at this point to support a showing that the potential conflict of interest could have an adverse effect on Musaibli's lawyers' performance.

### III
### ADDITIONAL PROTECTIONS AGAINST
### ANY POTENTIAL CONFLICT OF INTEREST

While it is dubious that an actual conflict of interest exists here, the Court should consider two possible options to further protect the proceedings here from future accusations of unfairness. First, John Shea, who is unaffiliated with the

7

Federal Community Defender Office and has represented Musaibli since June 2020, could be responsible for the cross-examination of the Witness. Such an approach shields any problems related to the potential conflict of interest. The Sixth Circuit has previously approved of using independent counsel in a similar fashion. *United States v. Robinson*, 290 Fed.Appx. 769, 774 (6th Cir. 2008); *see also United States v. Kilpatrick*, 798 F.3d 365, 375 (6th Cir. 2015) (finding no actual conflict of interest due, in part, to the district court's appointment of an independent lawyer to handle cross examination of the cooperating witness at the center of the conflict-of-interest issue). The Seventh Circuit has also endorsed it—lauding it as an "easy solution" to "eliminate[] all risks." *Rodriguez v. Chandler*, 382 F.3d 670, 673 (7th Cir. 2004) (finding the disqualification of a lawyer to have been improper when the defendant was willing to waive any potential conflict of interest and another lawyer on the defense team agreed to handle cross examination of the witness who was subject to the potential conflict). Other circuits have approved similar approaches. *E.g., United States v. Wright*, 745 F.3d 1231, 1233–34 (D.C. Cir. 2014); *United States v. Burns*, 526 F.3d 852, 857 (5th Cir. 2008); *United States v. Saccoccia*, 58 F.3d 754, 772 & n.13 (1st Cir. 1995); *United States v. Novaton*, 271 F.3d 968, 1012 n.11 (11th Cir. 2001) ("The presence of co-counsel unaffected by the alleged conflict of interest makes it even less likely that [the defendant's] representation was adversely affected by the alleged conflict.").

Second, Musaibli could choose to waive any potential conflict of interest. "A defendant may make a knowing, intelligent, and voluntary waiver of her right to conflict-free counsel, and a defendant has a Sixth-Amendment right to counsel of her choice." *United States v. Straughter,* 950 F.2d 1223, 1234 (6th Cir. 1991). "Waivers of counsel must not only be voluntary, but must also constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege, a matter which depends in each case 'upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" *Id.* (quoting *Edwards v. Arizona*, 451 U.S. 477, 482 (1981)).

While it is true that some waivers of conflict-free counsel may be rejected, the trial court "must recognize a presumption in favor of [a defendant's] counsel of choice." *Wheat v. United States*, 486 U.S. 153, 164 (1988). And that presumption may be overcome only by either an actual conflict, or "a serious potential for conflict. The evaluation of the facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court." *Id*. at 164. For the reasons explained in the previous section, no actual conflict of interest exists and the potential for conflict is merely hypothetical. Accordingly, should Musaibli wish to waive any potential conflict of interest by his Federal Community Defender Officer lawyers, the Court should accept such a waiver.

9

## IV
## CONCLUSION

There is no actual conflict of interest here but, out of an abundance of caution,

attorney John Shea should handle the cross-examination of the Witness.

Saima S. Mohsin
Acting United States Attorney
s/*Kevin M. Mulcahy*
Kevin M. Mulcahy
Hank Moon
Assistant United States Attorneys
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9713
Kevin.Mulcahy@usdoj.gov

Date:  August 27, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, I electronically filed the foregoing document using the ECF system, which will send notification of filing to the counsel of record.

s/ *Kevin M. Mulcahy*
Kevin M. Mulcahy
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9713
Kevin.Mulcahy@usdoj.gov